IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60626
_____


JAMES T. RHODES,

                                        Petitioner,


                        versus


BEST WORKOVER, INC.;
DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

                                        Respondents.



_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-1582)
_____

May 30, 1997


Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:

        AFFIRMED.  See Local Rule 47.6.[*]


DENNIS, Circuit Judge, dissenting:

        I respectfully dissent.  This case arises under the Longshore

and Harbor Workers' Compensation Act.  33 U.S.C. § 901 *et seq.*

_____

        [*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Under the Act, the one-year statute of limitations for the filing of a claim does not begin to run until the injured worker "know[s] (or should know) the true nature of his condition, i.e., that it interferes with his employment by impairing his capacity to work, and its causal connection with his employment." *Marathon Oil Co. v. Lunsford*, 733 F.2d 1139, 1141 (5th Cir. 1984)(citing *Cooper Stevedoring, Inc. v. Washington*, 556 F.2d 268, 274 (5th Cir. 1977)); *see also Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 135 (5th Cir. 1994)(citing *Marathon*). It is clear from the standard articulated in *Marathon* that a claimant's knowledge of "the true nature of his condition" encompasses two distinct inquiries. A proper determination of timeliness will include a resolution of when the worker became aware, or should have become aware, that his injury both (1) would compromise his ability to work and (2) was the direct result of a work-related accident. *See Paducah Marine Ways v. Thompson*, 82 F.3d 130, 134 (6th Cir. 1996)(citing cases, including *Marathon*, in support of the two-step analysis for determining when a case is time-barred).

The ALJ in this action found that Petitioner Rhodes' claim was time-barred because if he "did not know or suspect" the relationship between his injury and his employment related accident

2

"he reasonably should have."[1]  Thus the ALJ spoke directly only to the second prong of the test elucidated by *Marathon*: knowledge of the causal connection between the injury and his employment.

Rhodes does not dispute this finding but instead bases his complaint on the first portion of the timeliness assessment.  He argues that not until less than six months prior to his filing a claim was he aware that his injury would impair his capacity to work.  Rhodes asserts that the ALJ, in limiting the scope of his inquiry, failed to reach or adjudicate the essential question of whether Rhodes knew or should have known that his injury would interfere with his employment.  I agree.  Further, there is no warrant in the record or basis in law for this court to supply the missing decisional element that the ALJ omitted.

---

[1]  After pending for over a year, the ALJ's decision was considered affirmed by the Benefits Review Board pursuant to the provisions of Public Law 104-134 (Omnibus Appropriations for Fiscal Year 1996).

3